UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfred Gilchrist, | ) | C/A No. 4:13-3512-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Willie B. Edwardson, Detective of Marion County | ) | |
| Sheriff Dept.; | ) | |
| James Lee; | ) | |
| Neal Ross, Marion County Sheriffs, and | ) | |
| Mark K. Richardson, Sheriff of Marion County | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed

_____

[*]    Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.

*in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee.  Therefore, the amount due from Plaintiff is currently $350.

**Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted**.

<u>**TO THE CLERK OF COURT**</u>:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall <u>not</u> issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 20, 2013
Florence, South Carolina

2