UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Gilchrist, | ) C/A No. 4:13-3512-MGL-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Willie B. Edwardson, Detective of Marion County Sheriff Dept.; James Lee; Neal Ross, Marion County Sheriffs, and Mark K. Richardson, Sheriff of Marion County, all in the official capacities, and State of South Carolina, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. The case is again before the undersigned following re-commitment for review of an Amended Complaint authorized by the District Judge following her review of the Report and Recommendation previously issued in this case. ECF No. 18, Order.

**BACKGROUND**

Alfred Gilchrist ("Plaintiff"), a prisoner at Ridgeland Correctional Institution, filed his original Complaint, ECF No. 1, in which he alleged that Defendants are liable for violating his "14th Amendment right, 'failure due process' of U.S. Constitution" by failing to arrest two persons who allegedly assaulted Plaintiff in May 2011. ECF No. 1, Compl. 3-4. He stated that he told all Defendant law-enforcement officers about the assault, but that none of them would help him pursue his assailants. *Id.* at 3. He sought declaratory and injunctive relief and compensatory and punitive damages. *Id.* at 5.

A Report and Recommendation was issued, recommending that the Complaint be summarily dismissed for failure to state a plausible § 1983 claim (or any other federal claim) against Defendants. ECF No. 12. The Report and Recommendation was primarily based on the lack of

factual allegations in the Complaint showing that any of the Defendants "failed or refused to act because of racial, religious, gender or other illegal discrimination." *Id.* at 4. Instead of filing objections to the Report and Recommendation, Plaintiff filed a Motion to Amend/Correct without a proposed amended complaint attached and without any indication of how he wished to amend the original Complaint. ECF No. 17. As stated above, the District Judge granted the Motion and re-committed the case to the undersigned for further proceedings.

Plaintiff has now filed his Amended Complaint. ECF No. 22. He does not add any additional factual allegations from those that were originally contained in the original Complaint. Instead, he adds the State of South Carolina as a Defendant, stating he does so because all of the other Defendants "are employed" by the state. *Id.*, Compl. 1. He also states that he is suing the other Defendants in their "official capacity due to the undisputed fact that all Defendants are and were functioning under the color of State law at the time of said deprivation in Plaintiff's original complaint." *Id.* Although Plaintiff did not expressly request the court to do so, the undersigned will conduct the required initial review of the Amended Complaint with an implied "incorporation by reference" to the original Complaint and will direct the Clerk of Court to make the original Complaint an attachment to the Amended Complaint so that both documents may be considered together as the Amended Complaint. *See Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001)(attached exhibits are integral parts of the pleading for purposes of motions to dismiss).

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*

2

*v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Amended Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Amended Complaint is subject to summary dismissal without service on the Defendants for the same reason that the original Complaint was recommended for dismissal: because Plaintiff does not have any constitutional (or civil) right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person where there is no showing that law enforcement failed or refused to act because of at 99n. 9. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D. and collecting cases*); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies

3

*only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)).

Although the Plaintiff asserts that his due process rights under the Fourteenth Amendment to the United States Constitution were violated by the Defendants' failure to arrest and charge the persons he claims assaulted him, he still does not allege in the Amended Complaint that their refusal to assist him was the result of racial, religious, gender or other illegal discrimination against him. As a result, no constitutional violation is properly pleaded.[1] This legal conclusion is true regardless of whether the Defendant law enforcement officers are sued individually, in their official capacities, or both. If there is no constitutional violation, there can be neither a plausible "official capacity" nor a plausible "individual capacity" claim against any Defendant. *See Benson v. Workman*, 375 F. App'x 899, * 2 (10th Cir. 2010)(no due process violation where plaintiff had no constitutional right to the thing to which he claimed entitlement); *Zabriskie v. Ct. Admin.*, 172 F. App'x 906, * 3 (11th Cir. 2006)(same).

Moreover, Plaintiff's addition of the State of South Carolina as a Defendant under a supervisory liability theory does not save the Amended Complaint from summary dismissal. Initially, the State is not a proper defendant in a § 1983 claim in this court because it is entitled to immunity from federal lawsuits by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

---

[1] Plaintiff's conclusory statement that Defendants "violated my 14th Amendment right, failure of due process of U.S. Constitution," does not satisfy the requirement of factual allegations in support of legal claims. See Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(factual allegations, not legal conclusions, required). The 14th amendments' due process clause does not exclusively apply to discrimination on the basis of racial, religious, gender or other class-based discrimination, so Plaintiff's conclusory reference to that Amendment does not equate with the "facts" that need to be pleaded to show potential constitutional violations arising from failure to prosecute others.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999).

In *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99n. 9 (1984), the United States Supreme Court ruled that a state must expressly consent to suit in a federal district court if the Eleventh Amendment bar is to be avoided. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a part of the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

In any event, even if the State were not immune from this lawsuit, as previously stated, Plaintiff's allegations fails to state plausible § 1983 claim against any of the Marion County law enforcement officer-Defendants. As a result, even if such liability were available in a § 1983 action, there is no basis for supervisory liability on the State's part for refusal to prosecute another any time a citizen such as Plaintiff's requests that they do so. *But see Love-Lane v. Martin*, 355 F.3d 766, 782-83 (4th Cir. 2004) (no respondeat superior liability under § 1983).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Amended Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 9, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).